JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIRONDACK INSURANCE EXCHANGE et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA et al.,<br><br>  Defendants. | Case No. 8:24-cv-02475-SB-JDE<br><br>ORDER GRANTING MOTION TO REMAND [DKT. NO. 19] |

    Defendants Hyundai Motor America (HMA) and Kia America, Inc. (KA), both California citizens, removed this case solely based on diversity jurisdiction. Dkt. No. 1.  However, the forum-defendant rule provides that "[a] civil action otherwise removable solely on . . . [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  In their removal notice, Defendants argued that the rule does not bar removal here because they "ha[d] not been served with the complaint."  Dkt. No. 1 at 6.  However, Plaintiffs have presented evidence showing that they served HMA and KA the day before removal and now move to remand the case to state court.  Dkt. Nos. 19-3, 19-4.  The Court finds this matter suitable for decision without oral argument and vacates the January 24, 2025 motion hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

    In opposition to the remand motion, Defendants do not dispute that their notice of removal was wrong and that they were in fact served before removing the case.  Instead, they pivot to a new argument, claiming that "[i]t is immaterial that defendants HMA and KA were served prior to removal because they were never properly joined."  Dkt. No. 21 at 2.  Relying solely on cases addressing fraudulent joinder to defeat diversity jurisdiction, Defendants advance a lengthy argument that "HMA and KA are sham defendants against whom plaintiffs' claims are facially

1

time-barred, and they are thus fraudulently joined." *Id*. at 4.  Defendants do not address the fact that their notice of removal contained no suggestion that HMA and KA are improperly joined or that the claims against them are time-barred.

 The Ninth Circuit has long held that once the 30-day removal period established in 28 U.S.C. § 1446(b) has passed (as it has in this case), "the removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made."  *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969); *accord ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("The Notice of Removal cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.  However, a defendant may amend the Notice of Removal after the thirty day window has closed to correct a defective allegation of jurisdiction.") (cleaned up).

 Applying this rule, district courts in the Ninth Circuit have found that assertions of fraudulent joinder first raised in an opposition to remand are untimely "allegations of substance."  *Awasthi v. InfoSys Techs. Ltd.*, No. 10-CV-0783, 2010 WL 2077161, at *4 (N.D. Cal. May 21, 2010) ("Allegations of fraudulent joinder constitute a substantive basis for removal and must be raised before the 30–day deadline of removal expires."); *Dean Witter Reynolds, Inc. v. Swett & Crawford*, No. 92-CV-3841, 1992 U.S. Dist. LEXIS 20093, at *3 (N.D. Cal. Dec. 23, 1992) ("Defendant's theory of fraudulent joinder is now raised well after the thirty day period in which to file and constitutes . . . an 'allegation of substance.'  Consequently, this court will neither consider the fraudulent joinder theory nor grant defendant leave to amend its notice of removal in order to include this theory."); *accord Cohen v. GTE Gov't Sys. Corp.*, No. 92-CV-20783, 1993 U.S. Dist. LEXIS 7914, at *4–5 (N.D. Cal. Apr. 6, 1993).

 The cases prohibiting new "allegations of substance" not raised in the notice of removal arise in the context of jurisdictional allegations.  *Barrow*, 418 F.2d at 317.  But Defendants have not identified any authority permitting a removing defendant to raise fraudulent joinder for the first time in opposition to remand, whether in connection with a jurisdictional argument about complete diversity or a procedural argument about application of the forum-defendant rule.  Nor have they identified any authority permitting "allegations of substance" that were omitted from the notice of removal if those allegations are nonjurisdictional, or raised any argument why a different rule should apply in those circumstances.  Any such argument for different treatment of jurisdictional and nonjurisdictional arguments

is forfeited, especially since Defendants' arguments for fraudulent joinder rely entirely on cases addressing that issue in the context of jurisdictional questions.

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Having failed to even address the untimeliness of their new fraudulent joinder argument, Defendants have not met their burden. And while it is conceivable that a different rule might apply to untimely procedural arguments omitted from the notice of removal, Defendants have not argued or presented authority for such a position, and "any doubt about the right of removal requires resolution in favor of remand." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) (quoting *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)). The Court therefore declines to reach Defendants' untimely fraudulent joinder argument. Because HMA and KA were served before removal, the notice of removal—which relied on the mistaken assertion that they had not been served—did not establish a proper basis for removal, and the forum-defendant rule in § 1441(b)(2) barred removal.[1]

Accordingly, Plaintiffs' motion to remand is granted, and this case is remanded.

Date: January 16, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] The Court does not reach the parties' remaining disputes.